UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CLARENCE JACKSON, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 10-2114 |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, sued as Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

On May 27, 2010, Plaintiff Clarence Jackson filed a Complaint (#1) against Defendant Michael J. Astrue, Commissioner of Social Security. Plaintiff seeks Social Security Benefits from 1991 to April 2010, compensatory damages, attorney fees for his work, and challenges a reduction of award from a fully favorable decision rendered March 11, 2010, pursuant to the Social Security Act, 42 U.S.C. § 405(g).

In November 2010, Defendant filed Defendant's Motion To Dismiss (#18). Plaintiff subsequently filed Plaintiff [sic] Opposition To Defendant's Motion To Dismiss (#20). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#18)** be **GRANTED.**

### I. Background

The following background is taken from the complaint and Exhibit 2 from Defendant's Motion To Dismiss (#18-1). Plaintiff filed an application for Supplemental Security Income (SSI) benefits on August 30, 2007. An Administrative Law Judge (ALJ) found Plaintiff was not disabled and issued an unfavorable decision on September 29, 2009. Plaintiff subsequently appealed the decision of the ALJ. On March 11, 2010, the Appeals Council reversed the decision of the ALJ and issued a fully favorable opinion, finding Plaintiff became disabled on August 30, 2007.

Plaintiff received a Notice of Award for SSI on May 3, 2010 (#20-2). On May 4, 2010, Plaintiff received notification that $8,702.34 would be withheld from his reward to recover the Social Security Administration's previous overpayment to him pursuant to 42 U.S.C. § 1383(b). Plaintiff had 65 days from May 4, 2010, to appeal the decision to withhold overpayment with the Social Security Administration, but no appeal was made. Plaintiff filed the Complaint (#1) with this Court on May 27, 2010, seeking Social Security benefits from 1991 to April 2010, compensatory damages, and attorney fees for his work.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). District courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Construing a complaint liberally means giving a pro se plaintiff a break on technicalities, when a pleading is otherwise understandable. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). The Court does not need to consider issues that were merely raised, but not developed. *Freeman United Coal Mining Co. v. Office of Workers' Compensation Programs*, 957 F.2d 302, 305 (7th Cir. 1992).

### III. Discussion

Defendant argues that the Court should dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. First, Defendant asserts that Plaintiff failed to properly commence this action within 60 days after the date the notice of the Commissioner's final decision was mailed to him, and therefore the action is barred by the time limitation specified in section 205(g) of the Social Security Act. 42 U.S.C. § 405(g). Second, Defendant asserts Plaintiff cannot establish a basis for the subject matter jurisdiction of this Court. These arguments will be discussed in light of the claims made by Plaintiff in the Complaint.

*Timeliness of filing*

Plaintiff challenges a fully favorable decision made by the Appeals Committee of the Social Security Administration on March 11, 2010. Judicial review of final decisions arising under Titles II and XVI of the Social Security Act must be commenced within 60 days of the mailing of the notice of decision, or within such further time as the commissioner may allow. 42 U.S.C. § 405(g). The term "mailing" is interpreted to mean the date on which an individual receives notice of the Appeals Council's decision, which is presumed to be five days after the date that appears on such notice, unless a reasonable showing to the contrary is made. 20 C.F.R. § 422.210(c). Accordingly, Plaintiff needed to file his complaint no later than May 17, 2010, but did not file it until May 27, 2010. Therefore, this Court finds that Plaintiff's claims are barred by the time limitations specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

*Deduction of overpayment*

Plaintiff appears to challenge the amount of payment received from the fully favorable decision on March 11, 2010. Plaintiff asserts in his complaint that the Social Security Administration reduced an award of over $20,000 to about $2,000 due to previous overpayments received by Plaintiff. The amount of payment was not at issue in the fully favorable decision by the Appeals Council on March 11, 2010. This Court may only review a final decision of the Social Security Administration. 42 U.S.C. § 405(g). The doctrine of exhaustion requires that all administrative remedies be pursued before judicial review is appropriate. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Plaintiff received

notification by letter of the amount of reward to be received on May 4, 2010.  This letter clearly instructed Plaintiff to appeal the amount of payment decision with the Social Security Administration within 60 days of receipt of the letter.  These instructions comply with the administrative review procedure for social security benefit recipients to utilize when challenging an agency determination.  *See* 20 C.F.R. § 416.1400.  Although Plaintiff is a pro se litigant, a person who receives a notice from an agency telling him exactly what to do has no equitable claim to lenient treatment when he chooses to do something else.  *McNeil v. U.S*, 964 F.2d 647, 649 (7th Cir. 1992) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)).  Therefore, because administrative remedies had not been exhausted by the Plaintiff, the amount of payment is not a final decision that this Court has jurisdiction to review.

*Social Security benefits prior to August 2007, compensatory damages, and attorney fees*

Plaintiff requests that he receive Social Security benefits from 1991 to April 2010, compensatory damages, and attorney fees.  Prior to the August 30, 2007, application resulting in the fully favorable decision in this case, the most recent application for Title XVI benefits was in April 1999.  The ALJ issued an unfavorable ruling for that application in November 2000.  Plaintiff did not appeal this decision with the Appeals Council within 60 days of the decision.  In the fully favorable decision on March 11, 2010, the Appeals Council did not re-open the prior application and was not required to do so.  *See* 20 C.F.R. § 416.1488(c).  Because administrative remedies had not been exhausted, the denial of Plaintiff's April 1999 application for Social Security Benefits is not a final decision as defined in 42 U.S.C. § 405(g).  Therefore, the prior denial of social security benefits is not a final decision that this Court has jurisdiction to review.  Accordingly, this court does not have jurisdiction to award damages or fees.  *See Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

## IV. Summary

For the reasons stated above, this Court recommends that the Motion to Dismiss **(#18)** be **GRANTED.**

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 14th day of July, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
